# Lillian E. McAndrews, et al. v. W. E. McAndrews.

(Decided February 1, 1927).

## Appeal from Jefferson Circuit Court
## (Common Pleas Branch, Fourth Division).

Abatement and Revival—Action by Grantor on Supersedeas Bond Given After Award of Possession to Grantor Held Not Abated by Grantee's Suit Against Wrongful Possessor.—Grantee's suit against former wife of grantor, wrongfully retaining possession of certain land, held not to abate action by grantor on supersedeas bond executed by wife after writ of possession was awarded grantor, where appeal was not prosecuted, and grantor's rights were not involved in grantee's suit.

BURNETT, BATSON & CARY and ALLEN P. DODD for appellants.

DELOZIER MOXLEY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The parties to this appeal were here once before in a divorce proceeding in which the marriage bonds were dissolved and the wife awarded alimony. 194 Ky. 755. In that action the wife was directed to restore to the husband certain real property in Louisville which came to her as the result of their marriage. She executed the deed to the husband and agreed to give possession at a certain time. Relying upon this the husband sold the property to one Ben Humpich and made him a deed therefor, agreeing to give him possession as soon as the wife vacated. She failed to give possession at the time agreed upon, and the husband obtained an order for a writ of possession, and the writ was issued. The wife then prayed an appeal to this court and executed a supersedeas bond, with appellant surety company as surety and caused the judgment to be superseded. Thus the matter was suspended for about sixteen months, while the wife occupied the house. In the meantime Humpich instituted an action in the quarterly court to recover rent of Mrs. McAndrews for the use of the house, and also instituted a forcible detainer proceeding to obtain possession of the house in his own name. Neither of these actions was prosecuted to judgment.

This suit was instituted by W. E. McAndrews against Lillian McAndrews and the National Surety

Company, to recover damages for the wrongful detention of the house in Louisville, it being alleged that the use of the house was reasonably worth $150.00 per month, and that she had detained it for about sixteen months. The parties stipulated as follows:

"It is agreed between the plaintiff and the defendant herein, that at the time of the execution of the supersedeas bond sued on herein, the defendant, Lillie McAndrews was in possession of the real estate ordered returned and delivered to the plaintiff by the judgment and writ of possession in action 113,924 Jefferson circuit court, Lillian E. McAndrews v. W. E. McAndrews; that she retained possession of the said real estate against the plaintiff, W. E. McAndrews, by force of said bond until the judgment in the Court of Appeals and until June 21st, 1922; that W. E. McAndrews was prevented from getting possession of the said property by said bond until June 21st, 1922; that the reasonable rental value of the said property was one hundred dollars per month during the said time; that all parts of the record in action numbered 113,924, Jefferson circuit court, competent to the issues herein shall be read as evidence herein; that the defendants executed the said bond as shown by action 113,924."

In the answer of the defendants the following averment was made:

"Defendants further say that after said conveyance of said property to said Ben Humpich, and on the 1st day of July, 1921, a writ of possession was issued out of said action No. 113,924 in favor of W. E. McAndrews and against Lillian E. McAndrews, ordering the sheriff to put said W. E. McAndrews in possession of said property and oust the said Lillian E. McAndrews from possession of said property, and that thereafter and on the 6th day of July, 1921, the said Lillian E. McAndrews, by her supersedeas bond executed with the defendant, National Surety Company, as surety thereon, superseded so much of said judgment as awarded a writ of possession to said W. E. McAndrews, a copy of which said supersedeas bond is filed herewith, as a part hereof, and marked for identity 'Exhibit A.'"

And further:

"Defendants further say that notwithstanding the execution of said supersedeas bond referred to in the petition, and on the 19th day of July, 1921, the said Ben Humpich filed in the Jefferson quarterly court his action No. 18,117, styled Ben Humpich v. Lillian King, and of even date with the filing of said petition summons was issued and thereafter served upon said Lillian King, in which action the said Ben Humpich prayed judgment against said Lillian King for one month's rent of $150.00, which was a direct action, and in which action the said Ben Humpich alleged that he had bought said property and was entitled to possession thereof and entitled to the use and occupancy of said property, and the said Ben Humpich was, in fact and in law, entitled to a reasonable sum for the use and occupancy of said property and was entitled to judgment in said action, which said action No. 18,117 is still pending in the Jefferson quarterly court and has never been disposed of."

In brief of appellant it is asserted that "an action should be abated by reason of the pendency of another, if they are both prosecuted for the same cause of action or involve parts of the same cause of action."

The defense in this action is apparently based upon the theory that the institution of the action by Humpich against Mrs. McAndrews amounted to an abatement of the action instituted by W. E. McAndrews. But this could not be, for McAndrews was not a party to the action of Humpich, and his rights were not involved in those actions nor was he prejudiced by the institution of those independent actions by Humpich. There is no denial of the right of W. B. McAndrews to the right of possession of the house under the original judgment affirmed by this court. A writ of possession was awarded him and, of course, he was entitled to the use of the property from that date afterward or to a reasonable rental therefor. Appellant and her surety who made the supersedeas bond undertook that they would pay to the appellee in that action such damages as he sustained by reason of the supersedeas, the terms of the bond being:

"Now, we Lillian McAndrews and the National Surety Company, surety, do hereby covenant to and

with the appellee, Wm. E. McAndrews, that the appellant will pay . . . in case it shall be affirmed . . . the judgment aforesaid, and also pay *all rents,* hire or damage which during the pendency of the appeal may accrue on any part of the property of which the appellee is *kept* out of *possession* by reason of the appeal.''

No valid defense was offered by appellant to the suit of appellee upon the bond. The lower court so held, and that judgment is affirmed.

Judgment affirmed.